**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
LIONELL G. MILLER,                  :
                                    :     Civil Action
            Plaintiff,              :     11-0859 (FLW)
                                    :
      v.                            :
                                    :
MICHELLE R. RICCI, et al.,          :
                                    :     **MEMORANDUM OPINION**
            Defendants.             :     **AND ORDER**
_____ :

IT APPEARING THAT:

1.  On February 15, 2011, Plaintiff submitted for filing his civil complaint ("Complaint") asserting numerous challenges.[1]  See Docket Entry No. 1.  The Complaint arrived accompanied by Plaintiff's in forma pauperis application to prosecute the instant matter without prepayment of the filing fee.  See Docket Entry No. 1-1.

2.  On April 28, 2011, this Court issued an order in an accompanying opinion granting Plaintiff in forma pauperis status for the purposes of the instant matter and addressing Plaintiff's challenges raised in the Complaint.  See Docket Entries Nos. 5 and 6.  The Court's order provided, in pertinent part, as follows:

---

[1] The Complaint asserted challenges based on "the events that took place for a number of years before they culminated in an [alleged] altercation of February 24, 2009."  Docket Entry No. 5, at 2.

> IT IS . . . ORDERED that Plaintiff's habeas challenges are dismissed, without prejudice to initiation of an appropriate habeas action; and it is further
>
> ORDERED that Plaintiff's Eighth Amendment excessive force challenges against Officers Fry, Nagy, Perez, Tyson and Wojciechowski are proceeded past the sua sponte dismissal stage; and it is further
>
> ORDERED that all other Plaintiff's claims are dismissed with prejudice . . . .

Docket Entry No. 6, at 2.

The Court, therefore, directed service on Officers Fry, Nagy, Perez, Tyson and Wojciechowski ("Remaining Defendants") with regard to the viable claims articulated in the Complaint, namely, that these Defendants assaulted Plaintiff during the altercation of February 24, 2009. See id.; see also Docket Entry No. 5.

2. Seven months after filing his Complaint and five months after the Court directed service of Plaintiff's allegations based on the February 24, 2009, Plaintiff filed his motion at bar ("Motion") seeking injunctive relief against – and monetary damages from – a multitude of persons other than the Remaining Defendants ("Other Persons"); in support of this application, Plaintiff's Motion asserted a panoply of new claims ensuing from the events which: (i) had no transactional relation with the alleged February 24, 2009, altercation; and (ii) occurred years after that altercation

    and even after the Court ruled on Plaintiff's Complaint. See Docket Entry No. 21.[2]

3. The Remaining Defendants, in their opposition to the Motion, pointed out that this Court had no jurisdiction over the Other Persons, who were not parties to this suit. See Docket Entry No. 28. The Remaining Defendants also pointed out that they had no involvement in the transactions challenged in Plaintiff's Motion, and Plaintiff never asserted otherwise. See id. In addition, the Remaining Defendants stressed that monetary damages were not available as part of preliminary injunctive relief, and – in any event – Plaintiff did not establish his entitlement to preliminary injunctive relief. See id.

4. The Remaining Defendants are correct in their assertion that Plaintiff cannot litigate, in this action, his new

---

[2] Specifically, Plaintiff's Motion asserted that, after this Court directed service on the Remaining Defendants, Plaintiff was assaulted by a certain inmate on March 17, 2011; in connection with this allegation, Plaintiff speculates that his current and former wardens, as well as prison officials other than the Remaining Defendants, must have directed that inmate to assault Plaintiff. Plaintiff's Motion also alleges that his fan, his radio, four adult magazines and two issues of Prison Legal News were unduly confiscated from his cell by unidentified prison officials after this action was long underway. In addition, Plaintiff's Motion asserts that, recently, his legal mail began to be opened outside of his presence. Furthermore, Plaintiff's Motion asserts that, recently, Plaintiff's food was tampered with, in an unspecified manner, by prison officers, who are persons other than Remaining Defendants. Finally, Plaintiff's Motion alleges that Plaintiff has been denied access to the prison law library by persons other than Remaining Defendants.

    challenges, which are transactionally unrelated to the alleged altercation of February 24, 2009, that underlies the proceedings at bar.  The Remaining Defendants are also correct in their assertion that preliminary injunctive relief does not and cannot encompass the relief in form of monetary damages.  Since Plaintiff asserted challenges transactionally unrelated to the events that gave rise to the instant matter and which implicated Other Persons, it appears that Plaintiff's instant Motion was meant to operate as either Plaintiff's amended complaint or a pleading submitted with the goal to commence a new and separate legal action.

5. If this Court were to construe Plaintiff's Motion as an amended complaint filed without obtaining due leave to make such filing,[3] such construction would not allow introduction

---

[3] A litigant cannot introduce new claims by means of a motion: (s)he cannot plead claims by any non-pleading document, be it moving papers, an opposition to adversaries' motion, the litigant's traverse, etc.  See, e.g., Bell v. City of Phila., 275 Fed. App'x 157, 160 (3d Cir. 2008); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004); Veggian v. Camden Bd. of Educ., 600 F. Supp. 2d 615, 628 (D.N.J. 2009).  Therefore, Plaintiff cannot introduce new claims into this litigation by asserting these new claims in his Motion.  However, being mindful of Plaintiff's pro se litigant status, this Court cannot rule out the possibility that Plaintiff was not aware of the fact that he could assert any new challenges only by means of filing an amended pleading.  However, a litigant may amend his/her pleading once, as a matter of course, as long as it is filed within 21 days of service, see Fed. R. Civ. P. 15(a)(1)(A); if the litigant is not seeking to amend its pleading as a matter of course pursuant to Rule 15(a)(1), then (s)he may only amend its pleading

of Plaintiff's challenges stated in his Motion into the instant matter.  Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a), governs the joinder of claims.  <u>See</u> Fed. R. Civ. P. 18(a), 20(a)(2).  Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and
> becomes relevant only when there is more than one
> party on one or both sides of the action.  It is
> not concerned with joinder of claims, which is
> governed by Rule 18.  Therefore, in actions
> involving multiple defendants Rule 20 operates

---

either by first obtaining the opposing party's permission or by seeking leave of court.  <u>See</u> Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff neither obtained consent of the Remaining Defendants to amen his Complaint not sought this Court's leave to amend.

> independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit explained, a prisoner may

not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007). Here, Plaintiff's panoply of challenges raised in his Motion has no transactional relation to the alleged altercation of February 24, 2009, underlying these proceedings, and no statement made in the Motion indicates that the Remaining Defendants had any involvement in the events underlying Plaintiff's new challenges raised now in his Motion. Therefore, Plaintiff's new challenges cannot be introduced into this action and, in the event Plaintiff intended for his Motion to operate as an amended complaint, Plaintiff's

      challenges stated in his Motion must be dismissed.[4]

6.    The foregoing, however, does not mean that Plaintiff cannot raise these challenges by means of new pleadings. At this juncture, this Court has an insufficient basis to construe Plaintiff's act of filing the instant Motion as aq fact clearly establishing that Plaintiff was interested in commencement of a new and separate civil action. Therefore, this Court's directive to open a new civil matter for Plaintiff would be premature, especially since the Motion arrived unaccompanied by a filing fee or Plaintiff's <u>in forma pauperis</u> application seeking to prosecute these new challenges without prepayment of the applicable filing fee of $350. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted <u>in forma pauperis</u>, status pursuant to 28 U.S.C. § 1915. <u>See</u> Local Civil R. 5.1(f). The filing fee for a

---

[4] The Court also notes, in passing, that Plaintiff's new challenges stated in his Motion do not seem to meet the requirements of Rules 18 and 20 for the purposes of Plaintiff's commencement of a new and separate civil proceeding, since the events asserted by Plaintiff in his Motion appear transactionally unrelated to one another and involve different persons, whom Plaintiff designates as wrongdoers in connection with his assertions stated in the Motion. The Court, therefore, takes this opportunity to stress that, in the event Plaintiff elects to commence a new and separate civil action, he should avoid "buckshot" pleading and should execute his amended complaint being mindful of the requirements of Rules 18 and 20.

civil rights complaint is $350.00.  See  28 U.S.C. § 1914(a).  If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and a certified prison account statement for the six-month period immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b).  In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief.  The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court

that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Therefore, the courts are reluctant to re-characterize the litigants' submissions into civil complaints, since such re-characterization prevents the litigants from an opportunity to consider the financial and "three strikes" implications of their filings.  Accord Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 631 and n. 28 (D.N.J. 2008).  Correspondingly, this Court will not re-characterize Plaintiff's Motion into a new and separate civil complaint, and will not order the Clerk to open a new matter on the basis of Plaintiff's new lines of challenges.[5]

---

[5] Although this Court granted Plaintiff in forma pauperis status for the purposes of the instant proceedings, such decision was reached on the basis of Plaintiff's affidavit of poverty and prison account statement submitted on February 15, 2011.  At the instant juncture, that is, more then eight months later, this Court is not in position to rule on Plaintiff's suitability for in forma pauperis status, since Plaintiff's financial circumstances might have changed over this period of time.  See Rohn v. Johnston, 415 Fed. App'x 353 (3d Cir. 2011) (where plaintiff's submissions did not contain the required affidavit identifying all of his assets and a declaration that he was unable to pay the required fees, denial of in forma pauperis status was proper, since the district court had no means to determine the plaintiff's eligibility to proceed in forma pauperis) (relying on Sinwell v. Shapp, 536 F.2d 15, 19 n.14 (3d Cir. 1976)).

However, no statement made in this Memorandum Opinion and Order shall be construed as preventing Plaintiff from commencing a new civil action on the basis of his challenges articulated in the Motion at bar.

6. Finally, while the Residual Defendants urge this Court to reach the merits of Plaintiff's new lines of challenges, this Court need not reach these issues since: (a) in the event Plaintiff elects to commence a new civil action on the basis of his challenges articulated in his Motion, the tribunal presiding over that action would be the only tribunal to render a ruling on these challenges, and this Court's resolution of the same would necessarily violate the limitations of Article III, since this Court's decision would be wholly advisory, cf. Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009); and, in any event (b) the Residual Defendants have no standing to mount an attack on Plaintiff's newly-minted challenges. Accord Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("respondents cannot benefit from the judgment they seek and thus lack Article III standing. 'When you got nothing, you got nothing to lose'") (quoting, with correction of grammar, Bob Dylan, Like A Rolling Stone, in On Highway 61, Revisited (Columbia Records 1965)).

IT IS on this 24ᵗʰ day of   October  , 2011,

ORDERED that Plaintiff's Motion, Docket Entry No. 26, is denied; such denial is without prejudice to Plaintiff's raising the challenges articulated in this Motion by filing a new and separate civil complaint; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Defendants by means of electronic delivery; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by means of regular U.S. mail; the Clerk shall include in the said mailing a blank civil complaint form and a blank application form for incarcerated individuals seeking to commence and prosecute a civil action in forma pauperis.

s/Freda L. Wolfson
**FREDA L. WOLFSON,**
**United States District Judge**