**\*\*\* NOT FOR PUBLICATION  \*\*\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LIONELL G. MILLER, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 11-859 (FLW) |
| | : | |
| vs. | : | **MEMORANDUM** |
| | : | **OPINION** |
| MICHELLE R. RICCI, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WOLFSON,  United States District Judge:**

Presently before the Court is pro se Plaintiff Lionel Miller's ("Plaintiff's") appeal of Magistrate Judge Lois H. Goodman's ("the Magistrate Judge's") November 30, 2012 ruling, denying his motion to compel discovery.  For the reasons stated below, the Court affirms the Magistrate Judge's ruling and dismisses Plaintiff's appeal.

## BACKGROUND

Briefly, the facts relating to Plaintiff's motion are as follows.[1]  Plaintiff alleges that he was beaten by correctional officers at the New Jersey State Prison on February 24, 2009.  According to Plaintiff, he began to suffer harassment once he chose to discontinue communications with a female acquaintance of his—Ms. Yolanda Hall ("Ms. Hall")—upon learning in September 2007 that she was "fraternizing" with a

---

[1]     A more detailed description of Plaintiff's allegations can be found in my Opinion dated April 28, 2011.

correctional officer employed at the prison.[2]  Pl. Mov. Br. at 6.  Plaintiff further alleges

that the correctional officer asked an inmate, whose identity Plaintiff does not know,

to place Ms. Hall on that inmate's visiting list.

At the sua sponte dismissal stage, this Court dismissed the majority of Plaintiff's

claims, which included, inter alia, due process claims, a failure-to-protect claim, and

a retaliation claim. In dismissing the retaliation claim, the Court questioned the

relevance of the alleged relationship between Ms. Hall and the correctional officer to

Plaintiff's retaliation claim:

> One [of Plaintiff's allegations] is [his] personal involvement
> with a certain woman; that activity seemingly ended long
> before the February 24, 2009, events, i.e., when the prison
> officers began harassing Plaintiff in retaliation for Plaintiff's
> decision to cease contacts with this woman. However,
> befriending or being romantically involved with someone, or
> breaking up such a relationship is not a constitutionally
> protected activity upon which a retaliation claim could be
> based.
>
> Alternatively, Plaintiff asserts that the February 24, 2009,
> altercation was a result of the Officers' retaliation against
> Plaintiff for filing, long ago, a grievance [with] the warden.
> However, if Plaintiff is asserting that his personal romantic
> affairs resulted in a steady animosity between him and the
> Officers, and that animosity long preceded Plaintiff's filing
> of his grievance and sustained unchanged long after such
> filing, Plaintiff cannot establish causation between the
> incident that took place in the afternoon of February 24,

---

[2]      Plaintiff's reasoning as to why he believes Ms. Hall has a relationship
with a correctional officer is difficult to comprehend  He states in his deposition that
he believes as much because, during a landline phone call between Plaintiff and Ms.
Hall (during the timeframe when they were still on speaking terms) she interrupted
him to make a call on her cell phone and, thereafter, "a phone in the unit began to
ring." Miller Dep. 48:1-9.

> 2009, and his protected activity in the form of filing a
> grievance long before the altercation.

Id. at 23-24.

The only claim that withstood sua sponte screening was Plaintiff's excessive force claim based upon the February 24, 2009 altercation.  Significantly, in permitting this claim to proceed, the Court ruled that the two-year statute of limitations applicable to section 1983 actions had the effect of circumscribing Plaintiff's excessive force claim to "events that took place prior to February 9, 2009."  Opinion dated April 28, 2011 at 26.

In his motion to compel before the Magistrate Judge, Plaintiff sought the name of the inmate and the name of the "visiting hall supervisor" who would have authorized the addition of Ms. Hall to the inmate's visiting list.  Pl. Mov. Br. at 6.  In addition, he sought documents pertaining to why he was sent, in 2006 and 2008, to the Security Threat Group Management Unit ("STGMU").   Plaintiff argues that the Magistrate Judge erred in concluding that this requested discovery was irrelevant to his suit and, consequently, in denying his motion to compel.

## DISCUSSION

Generally, a magistrate judge's ruling on a non-dispositive pretrial matter may be reconsidered by a district judge "only where it has been shown that the magistrate judge's order is 'clearly erroneous or contrary to law'."  Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 67 (D.N.J. 2000) (citing 28 U.S.C. § 636(b)).  See also Fed. R. Civ. P. 72.   "A finding is 'clearly erroneous' when, although there is evidence to

support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews, 191 F.R.D. at 68 (citations omitted).

The standard of review is particularly lenient in this case because it involves a challenge to a discovery ruling—a matter fully within the province of magistrate judges and subject to their discretion. See Mane Fils S.A. v. Int'l Flavors & Fragrances Inc., No. 06–2304, 2008 WL 4606313, *3 (D.N.J. Oct.15, 2008) ("Where the appeal seeks review of a matter within the broad discretion of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, is applied."); cf. Andrews, 191 F.R.D. at 68 (explaining that pretrial discovery matters are non-dispositive). See also Farmers & Merchants Nat. Bank v. San Clemente Financial Group Securities, Inc., 174 F.R.D. 572, 585 (D.N.J. 1997) (noting that there is "particularly broad deference given to a magistrate judge's discovery rulings."). Courts apply the abuse of discretion standard to such challenges. Kounelis, 529 F.Supp.2d at 518.

The federal rule governing discovery is Federal Rule of Civil Procedure 26. That rule grants the Court considerable authority to limit a party's pursuit of otherwise discoverable information where the burden of a discovery request is likely to outweigh the benefits. The Court is directed to

> limit the frequency or extent of discovery otherwise allowed

> by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

Here, with respect to the unknown inmate's name and the visiting supervisor's name, Plaintiff contends that he must discover their names in order to find out the identity of the correctional officer that Plaintiff believes was in a relationship with Ms. Hall. Further, Plaintiff intends to "inquire of the inmate to find out if he has any other relevant information that . . . would contradict the defendants defense that there [sic] actions in beating plaintiff were not as a result of retaliation and personal reasons ...." Pl. Mov. Br. at 6. With respect to the STGMU documents, Plaintiff explains that the documents will support his theory that the New Jersey Department of Corrections ("NJDOC") sent Plaintiff to STGMU as retaliation for complaining about staff harassment.

Plaintiff's challenge to the Magistrate Judge's ruling turns on the relevancy of the documents he seeks, and the courts in this district make clear that "the determination of relevance is ultimately within the court's discretion." Watson v. Sunrise Sr. Living Services, Inc., Civil Action No. 10-230, 2013 WL 103966, *17 (D.N.J. Jan. 8, 2013) (citing Salamone v. Carter's Retail, Inc., No. 09-5856 (GEB), 2011 WL

1458063, *2 (D.N.J. Apr. 14, 2011)).   While Plaintiff generally argues that the information he seeks is relevant, he has not articulated what specific information he believes he would obtain from the inmate or visiting hall supervisor that would assist him in proving his only surviving claim—the excessive force claim.  He argues, simply, that the inmate could give him the name of the correctional officer who might have possibly been in a relationship with Ms. Hall, and that he would "inquire of [the inmate] and find out if he has any other relevant information . . . that would contradict the defendants defense ...."  Pl. Mov. Br. at 6.

These sort of unguided inquiries amount to the type of fishing expeditions that Rule 26 was especially crafted to prevent.  See Tarlton v. Cumberland County Correctional Facility, Civ. Action No. 98-4478, 192 F.R.D. 165, 170 (D.N.J. Apr. 4, 2000).  Accord Professional Recovery Services, Inc. v. General Elec. Capital Corp., Civ. Action No. 06-2829, 2009 WL 137326, *4 (D.N.J. Jan. 15, 2009) ("To cast a wide net for discovery of information in the hopes that something of use may come back is the essence of a fishing expedition precluded by the rule of proportionality.").  Morever, as explained in my April 28, 2011 Opinion, Plaintiff's excessive force claim narrowly escaped the statute of limitation bar, thus, his reliance on pre-February 2009 events is suspect, at best.  And, noticeably, the allegations relating to Ms. Hall appear to mirror the retaliation-related allegations already dismissed by this Court at the sua sponte dismissal stage.

With regard to the STGMU documents, while Plaintiff argues that the documents may show that the NJDOC sent him to STGMU as retaliation for

6

complaining about staff harassment, see Pl. Mov. Br. at 10, these allegations too sound

in retaliation rather than excessive force.  Moreover, the STGMU documents, which

relate to actions that took place in 2006 and 2008, are also not relevant to Plaintiff's

2009 excessive force claim.  Furthermore, to the extent Plaintiff appears to argue that

these documents could establish that the officers held longstanding animus towards

him, the New Jersey Appellate Division has previously ruled that Plaintiff's

harassment allegations are without merit.  As explained in my April 28, 2011 decision,

Plaintiff was disciplined following the 2009 excessive force incident and appealed his

disciplinary ruling to the Appellate Division, which affirmed the disciplinary charges

on appeal.  See Opinion dated April 28, 2011 at 7 (quoting from New Jersey Appellate

Division opinion ruling).   Indeed, one could view Plaintiff's reinsertion of the

harassment allegations at this stage of litigation as an attempt to circumvent prior

court rulings against him.

        In sum, Rule 26 grants courts the discretion to weigh the burden or expense of

the proposed discovery against its likely benefit, considering the needs of the case and

the importance of the discovery in resolving the issues.  Balancing these sorts of

interests in this case, the Magistrate Judge's decision to deny the motion to compel was

neither erroneous nor contrary to law. Courts afford magistrate judges the full breadth

of their discretion in cases like this one where the Magistrate Judge "has managed

th[e] case from the outset and developed a thorough knowledge of the proceedings."

Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214

(D.N.J.1997) (internal quotations omitted).  Given the specious nature of Plaintiff's

discovery requests, I see no basis for finding that the Magistrate Judge abused that discretion here.

Plaintiff further argues that the Magistrate Judge should not have allowed the defendants to object to Plaintiff's document requests, and that the Judge's ruling violated Federal Rule of Civil Procedure 45(c)(1)(B).  However, Plaintiff has not indicated that he made this argument to the Magistrate Judge in the first instance. It is axiomatic that this Court may not consider new arguments made for the first time on appeal. See Weiss v. First Unum Life Ins. Co., Civil Action No. 02-4249 (GEB), 2008 WL 5188857, *3 (D.N.J. Dec. 10, 2008) ("[A] party's failure to present arguments to the magistrate judge constitutes a waiver of those arguments on appeal.") (citing Lithuanian, 177 F.R.D. at 209-13).

Finally, Plaintiff argues that the Magistrate Judge erred in conducting oral argument for the motion via telephone on November 26, 2012, when he did not have advance notice of the call or its purpose.  Plaintiff contends that he was not allowed to properly respond to the defendants' written objections, which had been filed only a few days earlier on November 21, 2012.  It appears, however, that the Magistrate Judge gave Plaintiff the opportunity to adjourn the call so as to allow him additional time to prepare.  Plaintiff acknowledges this in his own moving brief. Pl. Mov. Br. at 5. Accordingly, as the Magistrate Judge gave Plaintiff the opportunity to adjourn and he chose to proceed notwithstanding the Judge's offer, I find no clear error in the decision to conduct oral argument via teleconference that day.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's decision is AFFIRMED and

Plaintiff's appeal is DENIED.


Dated: February 26, 2013

/s/  Freda L. Wolfson
Hon. Freda L. Wolfson, U.S.D.J.
