**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LIONELL G. MILLER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-0859 (FLW) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| MICHELLE R. RICCI et al., | : | |
| | : | |
| Defendants. | : | |

**Wolfson**, United States District Judge:

      This matter comes before the Court by way of a motion for summary judgment by Defendants Joseph Fry, Elia Perez, William Nagy, Peter Wojciechowski, and Norman Tyson (collectively, "Defendants"), challenging pro se Plaintiff Lionell G. Miller's excessive force claims against them. Plaintiff, in opposition, has filed a "cross-motion opposing Defendants' motion for summary judgment." For the reasons stated below, Defendants' motion for summary judgment is granted, and Plaintiff's cross-motion is denied. The Clerk will be directed to seal Plaintiff's medical records.

**I.      BACKGROUND**

      Plaintiff filed the instant Complaint on February 15, 2011. See Docket Entry No. 1. In his Complaint, he alleges that, on February 24, 2009, correctional officers Perez, Fry, Nady, Wojeciechowski and Tyson used excessive force during a pat-down search. See id. Defendants maintain that a disciplinary hearing followed, during which Plaintiff was found to have assaulted two

officers during that incident and, thus, had to be subdued. See Docket Entry No. 56-1, at 1.[1] Plaintiff's excessive force claim involves the following allegations of physical force: (1) that Plaintiff's wrist was twisted; (2) that Plaintiff was "taken" to the ground; and (3) that Plaintiff was punched and kicked on the head when he was already down.

     Defendants move for summary judgment on several grounds. First, Defendants contend that Plaintiff did not exhaust his administrative remedies because, while Plaintiff filed a grievance regarding the alleged use of excessive force, he did not appeal the prison staff's response to his grievance.[2] Second, Defendants argue that Plaintiff's excessive force claim fails because he cannot identify the particular officer(s) who punched and kicked him when he was down. Third, in Defendant's view, the force applied to Plaintiff was both necessary and proportionate to the security needs implicated by the incident. Finally, Defendants contend that the surveillance footage of the alleged excessive force incident reveals that the twisting of Plaintiff's wrist lasted only one second, and, therefore, constituted non-actionable, de minimis force. See Docket Entry No. 56-1, at 2-3.

     In opposing Defendants' motion, Plaintiff filed a "cross-motion opposing Defendants' motion for summary judgment." While Plaintiff frames his submission as a cross-motion, it is clear from his papers that he is not seeking summary judgment but is only opposing a grant of summary judgment to Defendants.[3] For the following reasons, the Court concludes that Plaintiff failed to fully

---

[1] The Complaint further stated a retaliation claim, challenges to the administrative proceeding, and a failure-to-protect claim. However, the Court screened the complaint pursuant to 28 U.S.C. §1915, and dismissed all of Plaintiff's claims except his excessive force claim. See Docket Entries Nos. 5 and 6.

[2] Facts related to Defendants' exhaustion defense are discussed in more detail infra.

[3] Plaintiff states in his Notice of Motion that he moves "for an order denying the defendants Motion for Summary Judgment." Pl. Notice of Motion at 1, Docket Entry No. 64.

exhaust his administrative remedies, and grants summary judgment to Defendants on that basis.

## II. LEGAL STANDARD

Summary judgment is appropriate if, in light of the record accrued, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002); Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n. 1 (3d Cir. 2001) (relying on Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "For an issue to be genuine, 'all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial.'" Haybarger v. Lawrence County Adult Probation and Parole, 667 F.3d 408, 412 (3d Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986), and First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253- 288-89 (1968)). A factual matter is material if, under the substantive law, it could affect the outcome of the suit. See Anderson, 477 U.S. at 248; Burton v. Teleflex Inc., 707 F.3d 417, 425 (3d Cir. 2013) (citing Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 538 (3d Cir. 2006)); see also Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). In deciding whether summary judgment should be granted, the court must consider the facts drawn from the "pleadings, the discovery and disclosure materials on file, and any affidavits" and is obligated to "view the inferences . . . drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

## III. ANALYSIS

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect

3

to prison conditions under [S]ection 1983 . . . by a prisoner confined in any . . . correctional facility until [all] administrative remedies [that] are available are exhausted." 42 U.S.C. § 1997e(a). However, while administrative exhaustion is a mandatory prerequisite to the filing of a Section 1983 action by a prisoner, "failure to exhaust is an affirmative defense . . . , and . . . inmates are not required to . . . demonstrate exhaustion." Jones v. Bock, 549 U.S. 199, 216 (2007). If failure to exhaust administrative remedies is shown, a motion for summary judgment may be granted, see, e.g., Terrell v. Benfer, 429 F. App'x 74, 77 (3d Cir. 2011), but the burden to establish due exhaustion cannot be shifted to the plaintiff until and unless the defendant makes such a showing. Oleson v. Bureau of Prisons, 411 Fed. App'x 446 (3d Cir. 2011).

      Here, Defendants have pointed to record evidence demonstrating that Plaintiff failed to fully exhaust his administrative remedies, despite Plaintiff's contentions to the contrary. Plaintiff states, by way of declaration, that he submitted an Inmate Remedy Form, regarding his excessive force claim, to the Administrator of the East Jersey State Prison, Donald Mee, on March 8, 2009. Miller Decl. dated Nov. 11, 2012 ("Miller Decl."), ¶ 35. He further states that, once he was notified that his grievance was rejected, he "filled out the appeal section of th[at] Inmate Remedy Form and resubmitted it to . . Donald Mee in mid April of 2009." Id. at ¶ 38.[4] To be clear, the Inmate Remedy Form consists of five parts: Part 1 is the area in which the inmate explains his grievance; Part 2 of the form is filled out by a prison coordinator; Part 3 contains the staff's response to the grievance; Part 4 is the area designated for an inmate to write his appeal; and Part 5 is for the response to the

---

    [4] "Under the New Jersey Administrative Code, inmates must submit an administrative appeal within ten days of the issuance of a decision." Wilson v. Correctional Medical Svcs., 412 Fed.Appx. 424 (3d Cir. 2010) (citing N.J.A.C. 10A:1-4.6(b)). See also Ortiz v. New Jersey Dept. of Corrections, 406 N.J.Super. 63, 65 (App. Div. 2009) (discussing same).

inmate's appeal. See Shah Decl. dated Dec. 14, 2012, Exh. A at 10. While Plaintiff maintains that he submitted the form with Part 4 completed, he asserts that he never received a response to that purported appeal. See Miller Decl., ¶ 39. In support of his declaration, Plaintiff attaches a copy of the form with an uncompleted Part 4—he does not attach any copy with a completed appeals section.

      In connection with their reply brief, Defendants attach a discovery response from counsel for the New Jersey Department of Corrections ("NJDOC"), Deputy Attorney General Joseph M. Micheletti. In this letter, Micheletti's states that the NJDOC was instructed by the Magistrate Judge presiding over this matter to produce to Plaintiff all "Inmate Remedy System Forms" filed on or after February 24, 2009. Attached to his letter are copies of all forms filed after that date, which amount to approximately 35 forms. Noticeably absent from the copies is a March 8th form with a completed appeal section. Like the copy attached to Plaintiff's papers, the appeal section of the March 8th form included in the file is conspicuously blank. Accordingly, even viewing the evidence in the light most favorable to Plaintiff, the record reflects that Plaintiff did not appeal the denial of the March 8th grievance and, as such, his excessive force claim must be dismissed for failure to exhaust administrative remedies. Accord Wallace v. Doe, No. 12–3926, 2013 WL 353484, *3 (3d Cir. Jan. 31, 2013) (affirming dismissal on failure to exhaust grounds where Plaintiff did not appeal grievance). Although Plaintiff asserts that he completed the appeal section of the form and submitted the form Donald Mee in mid-April 2009, his uncorroborated declaration can not serve to create a genuine issue of material fact on this issue in light of the record evidence. Moreover, that the NJDOC produced approximately 35 forms militates against a finding that NJDOC misplaced or destroyed his purported appeal.

      The Court recognizes that, in exhaustion cases, defendants typically submit an affidavit by

a prison official responsible for maintaining prison grievance forms, in which the official verifies that Plaintiff made no such filing. Compare Jackson v. Taylor, 467 Fed.Appx. 98, 99 (3d Cir. 2012) (affirming dismissal on failure to exhaust grounds where defendants submitted affidavit from Assistant Chief Grievance Officer); Bristol v. Settle, 457 Fed.Appx. 202, 203-04 (3d Cir. 2012) (affirming dismissal on failure to exhaust grounds based upon evidence submitted by prison grievance coordinator). Nevertheless, the Court concludes that the discovery response by NJDOC counsel, coupled with copies of all of Plaintiff's Inmate Remedy System Forms dating from February 24, 2009, satisfy Defendants' burden of proof, and sufficiently demonstrate that Plaintiff did not appeal the denial of his March 8th grievance.[5] Accord Smith v. Dir., Fed. Bureau of Prisons, 412 Fed.Appx. 427, 429-30 (3d Cir. 2011) (affirming dismissal for failure to exhaust where defendants submitted a declaration from an attorney at the Federal Correctional Complex at Allenwood, Pennsylvania, that was supported by records showing grievances filed by the plaintiff during the time period in question).

Because the Court concludes that Plaintiff failed to exhaust his administrative remedies, the Court need not address Defendants' alternative grounds for summary judgment. Finally, Defendants' request to seal Plaintiff's medical records will be granted for the reasons articulated by the Magistrate Judge in Docket Entry No. 34.

## IV. CONCLUSION

In light of the foregoing, Defendants' motion for summary judgment is granted, and

---

[5] Plaintiff further argues that the Defendants' motion for summary judgment is premature because he had not received a response to his discovery request for copies of all the inmate grievance forms he submitted. Because Defendants' provided that discovery in connection with their reply brief, that aspect of his opposition is now moot.

Plaintiff's "cross-motion in opposition to Defendants' motion for summary judgment" is denied. Defendants' application to seal Plaintiff's medical records is also granted. An appropriate Order follows.

                                             s/Freda L. Wolfson
                                             **Freda L. Wolfson**
                                             **United States District Judge**

Dated: May 13, 2013